VAN BRUNT, P. J., and DANIELS, J., concurred.

Order reversed, with costs, and the assessment upon lots of petitioner, so far as charge for laying cross-walks is concerned, reduced accordingly.

---

IN THE MATTER OF THE PETITION OF ASHBEL H. BARNEY TO VACATE AN ASSESSMENT FOR SIXTY-THIRD AND SIXTY-SEVENTH STREET UNDERGROUND DRAIN, BETWEEN FOURTH AND FIFTH AVENUES.

IN THE MATTER OF A LIKE PETITION OF MARY E. BROOKS, TO VACATE AN ASSESSMENT FOR SEVENTY-NINTH AND EIGHTY-EIGHTH STREET SEWERS.

IN THE MATTER OF A LIKE PETITION OF ANNE MAHONEY.

IN THE MATTER OF A LIKE PETITION OF MAX WEIL.

*Petition to vacate an assessment — it abates on the death of the petitioner.*

Upon the hearing of an appeal, taken by the executors and administrator of petitioners who had filed petitions to vacate an assessment, from orders denying motions to revive the proceedings:

*Held*, that the proceeding to vacate an assessment, being a special proceeding, abated by the death of the petitioner and could not be revived or continued in the name of his executors.

*Matter of Courtlandt Palmer* (43 Hun, 572); *People ex rel. Wicks* v. *Oswego County Court of Sessions* (2 T. & C., 431); *Leavy* v. *Gardner* (63 N. Y., 624) followed; *People ex rel. Fairchild* v. *Commissioners* (105 id. 674) distinguished.

APPEAL by the petitioners, Ashbel H. Barney and Charles T. Barney, as administrators, from an order of the New York Special Term, which was entered in the office of the clerk of the county of

New York on January 22, 1881, denying a motion to revive the above-entitled proceeding in the name of the said administrators.

*Charles E. Miller*, for the petitioners, appellants.

*George L. Sterling*, for the Mayor etc., of New York, respondents.

BARTLETT, J.:

These proceedings to vacate and set aside assessments were instituted at various times in 1872, 1873 and 1874. In 1887, orders were made at Special Term, upon testimony previously taken, reducing or vacating the assessments. These orders proved ineffectual, because the several petitioners were dead at the time when the orders were granted. Thereupon the executors or administrators of the petitioners moved to revive the proceedings and to be substituted, but their motions were denied, and from the orders denying their applications they have appealed to the General Term.

*In the Matter of Courtlandt Palmer* (decided by this court in March, 1887, 43 Hun, 572), it was held that a proceeding to vacate an assessment, being a special proceeding, abated by the death of the petitioner, and could not be revived or continued in the name of his executors. This decision was based on the authority of the *People ex rel. Wicks* v. *Oswego County Court of Sessions* (2 Thomp. & Cook, 431) and *Leavy* v. *Gardner* (63 N. Y., 624). Since it was rendered, however, the Court of Appeals has held that the power exists to revive *certiorari* proceedings to review the removal of a person from office, and that his personal representative may be substituted in place of the deceased relator. (*People ex rel. Fairchild* v. *Commissioners*, 105 N. Y., 674).

Upon the authority of that decision the appellants insist that a special proceeding to vacate an assessment may be revived in like manner. But the revival in that case was after judgment pending an appeal; and, furthermore, it would seem that there is statutory authority for reviving a *certiorari* proceeding in section 2133 of the Code of Civil Procedure, which provides that after a writ of *certiorari* has been issued any proceeding may be taken in the cause, as a similar proceeding may be taken in an action.

There is nothing in the case cited which indicates an intention to overrule the decisions to which we have referred to the effect that

an ordinary special proceeding cannot be revived. In accordance with those authorities, these applications were properly denied and the orders denying them should be affirmed, with costs.

VAN BRUNT, P. J., and MACOMBER, J., concurred.

Orders affirmed, with ten dollars costs and disbursements.